

FILED

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUSAN L. WINTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NORTHAMERICAN VAN LINES, INC., and FLORIDA MOVING SYSTEMS, INC.,<br><br>　　　　　Defendants. | Case No. A05-0215 CV (JKS)<br><br>O R D E R |

　　　　Plaintff, Susan Winton, proceeding pro se, sues Defendants, North American Van Lines, Inc. and Florida Moving Systems, Inc., for breach of contract and various tort claims. Plaintiff entrusted numerous articles of personal property to Florida Moving Systems in the state of Florida in preparation for a relocation – initially to Seattle, Washington and, ultimately, to Anchorage, Alaska. Some of the articles were lost and others damaged. Plaintiff brought her action in Alaska state court alleging state law causes of action. Defendants have removed this case to federal court and seek dismissal of Winton's state law claims. Docket No. 2.

　　　　Defendants argue that the applicable federal law completely preempts state law claims for loss or damage to property against a common carrier where the damage or loss occurred in transit. Defendants rely upon 49 U.S.C. § 14706 (The "Carmack Amendment" to the Interstate Commerce Act), in addition to 28 U.S.C. §§ 1331 and 1337 for jurisdiction, and 28 U.S.C. § 1441 for removal. Plaintiff opposes, noting that the case was improperly removed because her well pleaded complaint did not mention any federal cause of action and because the gravamen of her claims turns on conduct of the Defendants in Florida who were acting as warehousemen, not common carriers. *But*

1

*see Marks v. Suddath Relocation Systems, Inc.,* 319 F.Supp.2d 746 (S.D. Texas 2004). In effect, Plaintiff seeks remand to state court, to which Defendants have replied. Docket Nos. 6 (opp'n to Motion to Dismiss at Docket No. 2); 8 (reply).

Typically, the Court looks to a plaintiff's well pleaded complaint to determine whether she is proceeding under federal or state law. It is clear that Plaintiff Winton did not rely upon federal law in framing her state court complaint. The fact that Defendants might have a federal preemption defense would not automatically allow removal. The Defendants would be required to raise their preemption defense in state court. This is particularly true where Congress has granted jurisdiction to hear the federal claim to both state and federal courts. Such authorization precludes a finding that Congress intended federal courts to have exclusive jurisdiction over Carmack Amendment claims. *See e.g.*, 49 U.S.C. §14706(d)(1). At one time there was substantial disagreement in the cases regarding whether state claims against common carriers were removable based upon the Carmack Amendment. *See* Ann K. Wooster, Annotation, *Preemption of State Law Under Carmack Amendment to Interstate Commerce Act*, 199 A.L.R. Fed. 169 (2005) (collecting cases). More recent cases recognize an exception to this limitation on removal where Congress has completely preempted a field and provided an exclusive remedy. *See Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003). Thus, even where Congress allows a federal claim to be litigated in state court, if the federal claim is exclusive, the defendant may remove it to federal court. *Id.*, 343 F.3d at 778 n. 7.

The Carmack Amendment applies only to common carriers and freight forwarders. 49 U.S.C. § 14706. Therefore, if Plaintiff did engage Defendants as common carriers to store her goods and ship them to Alaska, the fact that all the damage and loss occurred in Florida before shipment would not take this case outside of the Carmack Amendment and preserve Winton's state law claims. The Court is not satisfied that the facts regarding Plaintiff's relationship with Defendants are sufficiently developed to know whether she dealt with them as either common carriers or freight forwarders. If she had, her claims would grow out of a bill of lading and Defendant's Motion to Dismiss the state law claims would be granted and the Motion to Remand denied. The Court will therefore deny both the Defendants' Motion to Dismiss, and Plaintiff's

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0215.001.wpd     2

Case 3:05-cv-00215-TMB   Document 9   Filed 12/06/2005   Page 3 of 3



implied Motion to Remand, without prejudice to their renewal once the relationship between the parties is clarified.

  A further note is in order. If the Court finds this case to be within the Carmack Amendment, it would grant the Defendants' Motion to Dismiss Plaintiff's state law claims, but would permit her to amend her complaint to present a Carmack claim. This would entitle her to recover the actual value of property lost or damaged unless the carriers had effectively limited their liability, which would turn on whether Plaintiff gave informed consent to any limitation. *See e.g., Hughes Aircraft Company v. North American Van Lines, Inc.*, 970 F.2d 609 (9th Cir. 1992). The Court does not know if Ms. Winton, who is proceeding pro se, has legal training. She indicates that she consulted an attorney at an earlier stage of this litigation. She would be strongly advised to retain an attorney to assure that her rights are protected.

IT IS THEREFORE ORDERED:

  The Motion to Dismiss at **Docket No. 2** and the implied Motion to Remand at **Docket No. 6** are **DENIED** without prejudice to their renewal after clarification of the circumstances under which Winton entrusted her goods to Defendants in Florida.

  Dated at Anchorage, Alaska, this ____ day of December 2005.

<div style="text-align:right">
JAMES K. SINGLETON, JR.<br>
United States District Judge
</div>

A05-0215--CV (JKS)

C. YOUNG (DELANEY)
S. WINTON

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0215.001.wpd    3