Susan L. Winton
909 W. 80th Avenue
Anchorage, AK 99518
907-344-4511

RECEIVED
FEB 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Plaintiff, Pro Se

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUSAN L. WINTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTHAMERICAN VAN )<br>LINES, INC. and FLORIDA )<br>MOVING SYSTEMS, INC., )<br>)<br>Defendants. )<br>) | <br><br><br><br><br><br><br><br>USDC No. A05-0215 CV (JKS)<br><br>District Court Case No.<br>3AN-05-8108 CI |

**PLAINTIFF'S MOTION
TO STRIKE DEFENDANTS' ANSWER**

  Plaintiff, SUSAN L. WINTON, pro se, hereby moves to set aside Defendants' Answer for the following reasons.

  1. Defendants failed to answer Plaintiff's complaint in a timely manner. Plaintiff filed her complaint on May 20, 2005 in State District Court (Case No. 3AN-05-8108 CI). Defendants then removed the case to U.S. District Court on September 1, 2005 (Case No. A05-0215CV (JKS) and requested that the case be dismissed. Plaintiff filed a timely opposition to Defendants' Motion to Dismiss and Opposition to Defendants' Notice of Removal on September 19, 2005.

2.   Defendants filed a reply to Plaintiff's opposition on September 29, 2005 again requesting an order of dismissal.

3.   The U.S. District Court entered an Order dated December 4, 2005 stating: "The Motion to Dismiss at Docket No. 2. and the implied Motion to Remand at Docket No. 6 are DENIED without prejudice to their renewal <u>after clarification of the circumstances under which Winton entrusted her goods to Defendants in Florida</u>.

4.   Defendants then deceitfully, on December 19, 2005, requested informal discovery from Plaintiff as a means to "move this matter forward and possibly reach a settlement of the case…"  (See attached letter from Defendants' counsel.)

5.   On January 11, 2006 Plaintiff, in good faith and with a view towards attempting to reach a reasonable resolution, responded to Defendants' request by producing the discovery documents along with a cover letter and settlement offer.  (See attached letter, settlement offer and documents Numbered 1 through 53.)

6.   On February 1, 2006 Plaintiff received Defendants' untimely Answer to the Complaint, which was accompanied by copies of some of the same documents that Plaintiff provided in informal discovery.  This is established by the circled numbers at the bottom of each exhibit.  The exhibits without numbers have been reduced in size by Defendants so as to omit

Winton v. northAmerican Van Lines, et. al.    Case No. A05-0215 CV (JKS)
Motion to Strike Answer                                          Page 2

those numbers. Nonetheless, all documents filed by Defendants were produced by Plaintiff in response to Defendants' misrepresentation that the purpose for which informal discovery was sought was to explore settlement.

7. Plaintiff requests that Defendants' Answer be stricken because Defendants failed to timely file their Answer, and because Defendants acted in bad faith in seeking discovery.

RESPECTFULLY SUBMITTED this 9th day of February 2006, at Anchorage, Alaska.

_Susan L. Winton_
Susan L. Winton
Plaintiff Pro Se

Certificate of Service
The undersigned hereby certifies that a true and correct copy of the foregoing was served via mail this 9th day of February 2006 on the following:

Clay A. Young, Esq.
Delaney, Wiles, Hayes,
  Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Ste. 400
Anchorage, AK 99501

_Susan Winton_
Susan L. Winton
C:\DOCUME~1\Swinton\LOCALS~1\Temp\WintonMtnSetAsideAnsw.06Feb02.doc